IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                      Case No. 25-CR-1075-GBW

JOSE FLORES-PENALOZA,

    Defendant.

## MOTION TO RECONSIDER DETENTION

Defendant, Jose Flores-Penaloza, through counsel, hereby requests that this Court reconsider its order of Detention entered on May 7, 2025 (Doc. 8). 18 U.S.C. 3142(f)(2). The Court found that there was no condition or combination of conditions to reasonably assure the defendant's appearance as required. The decision was based primarily on Mr. Flores-Penaloza's lack of ties to the community and immigration status and the weight of the evidence. However, since Mr. Flores-Penaloza's order of detention, there have been updates in the status of the charges against him which Counsel believes detracts from the probability of conviction. Because Mr. Flores-Penaloza does not have any prior criminal history and is not facing an extensive jail sentence, he asks this Court to consider release on his own recognizance under 18 U.S.C. 3142(b).

**I.    BACKGROUND**

Mr. Flores-Penaloza was arrested on or about April 30, 2025. On May 2, 2025, he was charged with three separate counts: 1) Illegal Entry 8 USC 1325(a)(1); 2) Trespass on military property – 18 USC 1382; and 3) Violation of Security Regulations and Orders – 50 USC 797. He

1

was accused of entering into the State of New Mexico from Mexico at a place other than a port of entry, and while doing so, trespassed into the land that had been redesignated the week prior as military property and titled the New Mexico National Defense Area. On the date of his scheduled preliminary hearing, May 7, 2025, the Government preempted his opportunity to obtain a probable cause review by filing and information charging the same three counts. (Doc. 5). This Court ordered him detained the same date.

The day prior to Mr. Flores-Penaloza's initial appearance, this Court ordered the Government and the Defense bar to brief issues related to the new charges – in this case, Counts 2 and 3. After the briefing was complete, starting May 14, 2025, this Court found there was no probable cause to support Counts 2 and 3 in the cases filed where an information had not yet been filed with the Court. Since this time, two magistrate judges have found the initial complaints of Counts 2 and 3 lacked probable cause. The lack of probable cause in the initial complaints have made it possible for Defense counsel to seek review of detention orders in light of the Court's findings prior to the filing of the informations.

II. **ARGUMENT**

A. *The Weight of the Evidence is Weak*

The weight of the evidence in this case is not strong. This Court has found and acknowledged that, for Counts 2 and 3, the Government must show that the defendant had knowledge he was entering the military area. In its complaint, the drafter acknowledges that Mr. Flores-Penaloza was not provided notice of the New Mexico National Defense Area until the day after his alleged entry into the United States. In a sworn statement and an I-213 provided in discovery (and submitted to this Court in the Defense's venue motion, exhibit 2) upon questioning, Mr. Flores-Penaloza stated he did not know he was entering the NMNDA. The Government's agent, in

keeping with his documentation, would have to testify that Mr. Flores-Penaloza did not know he was entering military property and that he was only apprised the day after.[1]

In addition, Mr. Flores-Penaloza has made an argument that venue is improper in this Court. The evidence suggests that Mr. Flores-Penaloza entered the United States in Arizona, and not in New Mexico. The Government suggests that he entered just past the Arizona/New Mexico borderline (Govt Response to Defense Motion to Dismiss, Doc 11, Ex 2) but there is no evidence at this time provided to show that the military land abuts the Arizona borderline. This, even if he did enter at the New Mexico/Arizona border, it is possible he did not travel through military property. Even if it does abut the state border, there has been no evidence provided to establish there are signs posted in that mountainous and remote region of the state/international border. The area is so rural that, according to the report by the arresting agent with the Douglas Arizona sector of the Border Patrol, they were patrolling by horseback. It is unclear they had that many signs out in that particular region merely eleven days after the transfer of land was filed. Furthermore, even if Mr. Flores-Penaloza entered the United States through Arizona and then wandered into military land, the Government would need to establish a different predicate offense to establish the prohibited purpose requirement of 18 USC 1382, as the illegal entry would have already been completed and, illegal entry under 8 USC 1325(a)(1) is not a continuing offense.

B. *Mr. Flores-Penaloza is Not Facing a Long Sentence*

Mr. Flores-Penaloza is not facing a long sentence and thus, does not have an incentive to flee to avoid serving that sentence. Mr. Flores-Penaloza has been in custody at the time of this

---

[1] Interestingly, the I-213 mentions only that he was apprised of the potential for a future 50 USC 797 violation, not the 18 USC 1382 charge, as if they didn't believe at the time that he actually committed that offense, since this is nothing more than an act of political theatre.

draft, a month. Mr. Flores-Penaloza has no prior voluntary returns, no prior removals, no prior criminal history in the United States. Even if he was convicted of the misdemeanor charges against him, he would have a good case to request time served. He is approaching the time in custody spent for persons with no prior criminal history but prior removals charged with the felony Illegal Reentry, 8 USC 1326. It is possible a Judge could consider a time served sentence. Thus, he is not facing a long period in custody.

In this district, there are material witnesses who are ordered released all the time, even though they do not have legal status here in the United States. They, like Mr. Flores-Penaloza, are often first-time entrants who commit the same act as he is alleged to have done, but the material witnesses are not deported, rather they are allowed to remain in the United States, and often are provided with work permits. There is nothing suggesting that Mr. Flores-Penaloza would not also take advantage of the opportunity to remain here while his case is pending, after all, he is being charged with crossing deserts and mountains to be here. Fleeing back to Mexico to avoid a potential time served sentence does not outweigh the opportunity to be free here in the United States and to see his family members even for a brief moment in time. Assuming he will be on an order of supervision from Immigration and Customs Enforcement, he would also be eligible to apply for a work permit, which is a greater incentive to stay and cooperate than to flee and live in the shadows. Arguably, if the Government has the power to get DHS to place material witnesses on supervision, it has the power to have DHS do the same for Mr. Flores-Penaloza.

Mr. Flores-Penaloza does not have an incentive to flee especially because he has served such time in custody. On May 14, 2025, Undersigned requested a trial setting and filed a consent to proceed in front of the magistrate judge, waiver of jury trial and waiver of the right to have 30 days to prepare for trial. (Doc 9). A date for trial has not yet been set. The Discovery deadline

per doc 7 was May 21, 2025. Undersigned requested additional discovery on May 20, 2025. Motions were due on May 28, 2025. Since no trial date has been set, other trial deadlines have not been established yet. Attempts to negotiate non-trial resolutions have not resulted in resolution and therefore Mr. Flores-Penaloza intends to see the case through. Finally, Mr. Flores-Penaloza has family in Arizona and a place to reside should he be allowed release pending the final trial.

### III. CONCLUSION

For the above-mentioned reasons, Mr. Flores-Penaloza asks this Court to reconsider its order of detention, in light of the litigation surrounding Counts 2 and 3 and that there is nothing different in Mr. Flores-Penaloza's case than those where the Court found no probable cause – a much lower standard than beyond a reasonable doubt.. Furthermore, Mr. Flores-Penaloza asks this Court to consider the venue arguments posed in Doc. 10 in that there is a colorable argument that the entire case should be dismissed because the Government filed this case in the improper District. Mr. Flores-Penaloza asks this Court to consider release on his own recognizance based on his lack of prior incidents with the law, the time already served in custody, the potential delay in getting a trial setting given the many cases being filed, and the lack of evidence of any other failures to appear.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S Main Street, Suite 400
Las Cruces, NM 88001
(575) 527-6930

***Electronically filed May 29, 2025***
By: /s/ Victoria Trull
Victoria Trull
Assistant Federal Public Defender